IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Ronald J. Wortham,   #03621-000, | ) | Civil Action No. 3:09-2380-RBH-JRM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Warden Rivera, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This is a *pro se* Petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 on September 11, 2009. At the time this action was filed Petitioner was an inmate at FCI -Estill. The Respondent filed a motion for summary judgment on December 21, 2009, pursuant to Rule 56, Fed.R.Civ.P. As the Petitioner is proceeding *pro se*, the Court issued an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) on December 22, 2009, advising Petitioner of the importance of a dispositive motion, and of the need for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondent's motion may be granted, thereby ending his case.

Petitioner failed to respond to Respondent's motion for summary judgment and the Court issued an Order on March 31, 2010 allowing Petitioner an additional 15 days to notify the Court as to whether he wished to continue with this case and to file a response to the Respondent's motion for summary judgment. Petitioner was advised that if he failed to respond, the action would be recommended for dismissal with prejudice for failure to prosecute. See Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978); 41(b) Fed.R.Civ.P. However, on April 14, 2010, the copy of the Court's order

mailed to Petitioner was returned to the Clerk of Court with the enveloped marked "Return to Sender, No Mail Receptacle, Unable to Forward".

The undersigned notes that when Petitioner filed this action, he was specifically instructed as follows:

> You are ordered to always keep the Clerk of Court advised **in writing...**if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this order, you fail to file something you are required to file within a deadline set by a District Judge or a Magistrate Judge, your case may be dismissed for violating this order. Therefore, if you have a change of address before this case has ended, you must comply with this order by immediately advising the Clerk of Court in writing of such change of address....**Your failure to do so will not be excused by the Court.** (emphasis added)

*See* Order filed October 30, 2009.

Petitioner has failed to comply with this order, and as a result neither the Court nor the Respondent have any means of contacting him concerning his case. However, due to the unusual postal stamp of "No Mail Receptacle," chambers staff checked the mailing address as well as the inmate number for Petitioner with the Bureau of Prisons ("BOP"). The information with the BOP indicated that he had been transferred to the Federal Medical Center Devens in Ayer, Massachusetts. On April 20, 2010, the Clerk of Court was directed to re-mail the previously returned order to Petitioner at the current address for him on record with the Bureau of Prisons. This mailing has not been returned to the Court and Petitioner has not responded.

A petition may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the Court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084 (1990) and Chandler Leasing Corp. v. Lopez, 669

F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the Court is required to consider four factors:

>  (1) the degree of petitioner's responsibility in failing respond;
>
>  (2) the amount of prejudice to the petitioner;
>
>  (3) the history of the petitioner in proceeding in a dilatory manner; and
>
>  (4) the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the Petitioner is proceeding *pro se* so he is entirely responsible for his actions. It is solely through Petitioner's neglect, and not that of an attorney, that no responses have been filed. Petitioner has not responded to Respondent's motion for summary judgment, or the Court's orders requiring him to respond and to keep the Court informed of his whereabouts. No other reasonable sanctions are available. Accordingly, based on the foregoing and the previous instructions and specific warning given to the Petitioner in the Court's orders of October 30, 2009 and March 31, 2010, it is recommended that this action be **dismissed** pursuant to Fed. R. Civ. Proc. 41(b) with prejudice.

Joseph R. McCrorey
United States Magistrate Judge

May 13, 2010
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).